IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-CR-146-BO
NO. 5:14-CV-382-BO

| | |
|---|---|
| MEDEMA JULIUS THOMAS, | ) |
| Petitioner, | ) ) ) |
| v. | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) |

This matter is before the Court on petitioner's corrected motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 65] and the government's motion to dismiss [DE 70].

Petitioner's § 2255 motion advances a claim of ineffective assistance of counsel. [DE 65-1]. Petitioner alleges that he was presented with an unsigned proposed plea agreement that stipulated a drug amount between 112 grams 196 grams of cocaine base, but that miscalculated the applicable base offense level. [DE 65-1 at 8]. Petitioner alleges that he refused to sign the plea agreement because the government had not signed it and because of the miscalculated base offense level. He then alleges that his attorney at the time, Clay Wheeler, crossed out the wrong base offense level and wrote in a new base offense level that petitioner also claims was incorrect. Petitioner continued to refuse to sign the incorrect plea agreement. He then alleges that upon petitioner's refusal to sign the amended plea agreement, attorney Wheeler told petitioner that if he didn't sign the plea agreement at that moment that he was not going to pursue the agreement further with the government. [DE 65-1 at 6]. Attorney Wheeler did not further pursue a plea

agreement and petitioner then pled not guilty on December 13, 2012. [DE 35]. In March, 2013, petitioner moved to substitute his attorney and on March 18, 2013, attorney Wheeler moved to withdraw as petitioner's attorney. [DE 40]. William Webb, Jr. then appeared as petitioner's attorney. [DE 42]. On September 13, 2013, petitioner changed his plea and pled guilty to count 2 of the indictment. [DE 53]. Petitioner signed a written plea agreement at that time that contained a stipulated drug amount of between 280 and 840 grams of cocaine base. [DE 54 at 7]. On January 16, 2014, petitioner was sentenced to 144 months' imprisonment and 8 years' supervised release. Petitioner filed his timely § 2255 motion on July 7, 2014.

In support of his claim, petitioner attached what he purports to be the original plea offer from the government that his counsel edited. However, this document is unverified.

> Under 28 U.S.C.A. § 2255(b), unless the pleadings, files, and records conclusively show that the prisoner is not entitled to relief, the district court shall hold an evidentiary hearing. *United States v. Witherspoon*, 231 F.3d 923, 925-27 (4th Cir. 2000). Whether an evidentiary hearing is necessary is generally left to the sound discretion of the district judge, but we long ago recognized that there remains "a category of petitions, usually involving credibility, that will require an evidentiary hearing in open court." *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970).

*United States v. Diaz*, 547 Fed. App'x 303, 304 (4th Cir. 2013). The Court cannot determine whether or not petitioner's claim is credible based off of the pleadings, files, and records.

Accordingly, the Court will hold an evidentiary hearing. Rule 8(c) of the Rules Governing § 2255 Proceedings requires that the Court appoint counsel to represent petitioner at an evidentiary hearing if he meets the indigency requirements. *See also United States v. Harris*, 217 F.3d 841 (4th Cir. 2000) (unpublished table decision). As petitioner was previously determined to meet the indegency requirements, Raymond Tarlton is APPOINTED to represent petitioner for this evidentiary hearing. 18 U.S.C. § 3006A. Pursuant to Rule 8(c) of the Rules

Governing § 2255 Proceedings the Court will conduct the hearing as soon as practicable after giving the attorneys adequate time to investigate and prepare.

## CONCLUSION

For the foregoing reasons, the Court will hold an evidentiary hearing and APPOINTS Raymond Tarlton as counsel for petitioner. The clerk is DIRECTED to provide a copy of this order to the Federal Public Defender and Raymond Tarlton.

SO ORDERED.

This the __9__ day of October, 2014.

　　　　　　　　　　　　　　　　_Terrence Boyle_
　　　　　　　　　　　　　　　　TERRENCE W. BOYLE
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

3