IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-CR-146-BO-1
NO. 5:14-CV-382-BO

| | |
|---|---|
| MEDEMA JULIUS THOMAS,<br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | O R D E R |

This matter is before the Court on petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government has moved to dismiss the petition, petitioner has responded, and the matter is ripe for ruling. For the reasons discussed below, both motions are denied as moot. [DE 65, 70].

According to Mr. Thomas's counsel, the ultimate relief Mr. Thomas was seeking through his § 2255 motion was "a re-sentencing hearing, where he would argue that the Court should impose the mandatory minimum sentence of 120 months." [DE 86]. On March 8, 2015, the Court reduced Mr. Thomas's sentence to 120 months due to the amended Drug Quantity Table. [DE 84]. Accordingly, Mr. Thomas's motion under § 2255 and the government's motion to dismiss are both DENIED AS MOOT. [DE 65, 70].

Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473,

484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). As reasonable jurists would not find this Court's denial of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

SO ORDERED, this 18 day of March, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE